UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LISA MARIE PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1440 CAS |
| | ) | |
| AT&T OPERATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **PROTECTIVE ORDER**

Pursuant to an agreement of the parties, the Court orders the entry of a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in accordance with the terms and conditions set forth below, concerning discovery to be taken in the above-styled litigation.

1.  The following definitions shall apply to this Order:

    (a) "Confidential Information" shall mean and refer to any information or document (i) which is produced or disclosed in response to discovery proceedings in this action, whether or not by a party hereto, and (ii) which is specifically designated "Confidential" at the time of its production or disclosure. "Confidential Information" shall include portions of transcribed deposition testimony to the extent that such testimony is designated confidential on the record at the time it is given.

    (b) "Qualified Person(s)" shall mean and refer to:

        (i) The Court in this action or in any appeals therefrom, and court personnel, including the Clerk of the Court, the court reporters and other persons involved in recording deposition or trial testimony or handling pleadings and evidence during the litigation of this action;

        (ii) The parties in this case, including management level employees of companies affiliated with Defendant who had supervisory or human resources responsibilities over Plaintiff while she was employed by Defendant; however,

     Qualified Person does not include any non-management personnel of Defendant or its affiliated companies;

(iii)  The spouse (if any) of the Plaintiff;

(iv)  Counsel of record for the parties to this Order, including all partners, counsel, and associate attorneys of said counsels' law firms and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such attorneys, and including all attorneys, paralegal assistants, stenographic and clerical employees in the in-house legal department of Defendant;

(v)  Any person subpoenaed or called as a witness at a deposition or hearing in this action, if the Confidential Information to be disclosed to that person shows on its face that the person authored the Confidential Information or previously received a copy of the Confidential Information;

(vi)  Actual or potential expert witnesses of the parties to this Order who are retained by counsel of record for the parties solely for the purpose of assisting in the preparation for trial of this action; provided, however, that said counsel of record first obtain a statement in writing by such proposed expert or consultant in the following form: "I hereby acknowledge that I am familiar with the terms of the Order relating to Confidential Information entered into by the parties in the action numbered Case No. 4:07-CV-1440 CAS, pending in the U.S. District Court for the Eastern District of Missouri, and agree to comply with the terms of that Order." That written statement shall be provided to opposing counsel following the conclusion of this litigation.

  2.  No Confidential Information shall be used by any of the parties to this Order, or any counsel, expert or consultant of the parties to this Order, or any other person or entity, for any purpose other than the prosecution or defense of this litigation.

3. The substance or content of Confidential Information shall not be disclosed by the parties to this Order to anyone other than Qualified Persons pursuant to the terms of this Order. No Qualified Persons receiving Confidential Information under the terms of this Order shall give, disclose, communicate or otherwise make available the same to any other person not permitted by this Order to receive it. Confidential Information shall be maintained and preserved in a manner that will ensure that its confidential status will be protected.

4. If any party determines to file with or submit to the Court any Confidential Information, such Confidential Information, and that portion of any pleading or filing containing any Confidential Information, shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

This envelope contains Confidential Information which is subject to a Protective Order entered by the Court in this action.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court or agreement of the parties.

5. If any party or counsel of record to this Order objects to a designation of information as "Confidential," he/she may at any time notify counsel for the party who produced the purported Confidential Information that the propriety of the designation of the information as "Confidential" is disputed and request that the "Confidential" designation be canceled. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection and the intended use of the material. The request shall be deemed granted at the end of the tenth (10th)

business day after receipt of the request, unless the producing party, prior to the end of such ten (10) business day period, sends by facsimile or commercial messenger service a written denial of the request. If such request is denied in whole or in part, the requesting party may file a motion with the Court to have the "Confidential" designation removed as to the discovery responses listed in the request. The burden of establishing that the responses should not be afforded the protections of the Protective Order shall be on the moving party.

6. Inadvertent production of any document subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine will not waive any claim of privilege with respect to that document or any other documents or information withheld on such grounds.

7. Nothing in this Agreement shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

8. The terms and conditions of this Protective Order will continue in full force and effect following the final determination of this action, whether by final judgment, settlement or otherwise.

9 A separate order will govern the treatment and status of all Confidential Information at trial.

10. Nothing herein shall prevent any party from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper. Moreover, nothing herein shall be deemed to constitute a waiver or admission by any party or counsel for any party that any specific document, material, testimony or thing is or is not admissible in evidence at trial.

11. Nothing in this Order shall prevent or prohibit any party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this litigation.

12. Within ten (10) days after entry of final judgment in this case, the party or counsel who received Confidential Information shall return the originals and any and all copies of such Confidential Information to the party or counsel who produced the records.

**SO ORDERED:**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this \_\_\_14th\_\_\_ day of January, 2008